IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GENEVA HENDERSON *et al.*,<br><br>                  Plaintiffs,<br>v.<br><br>EMORY UNIVERSITY *et al.*,<br><br>                  Defendants. | Civil Action No. 1:16-cv-02920-CAP |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
<u>REQUEST FOR CLARIFICATION</u>**

Plaintiffs write in response to Defendants' "Request for Clarification" (Doc. 203) because Defendants' pleading (i) seeks relief that is inconsistent with the applicable rules, and (ii) omits material facts.[1]

*First*, Defendants' suggestion that they may still file a reply in support of their October 1, 2019 *Daubert* motion is contrary to the Local Rules of this Court. Plaintiffs timely responded to Defendants' *Daubert* motion on October 15, 2019. Doc. 189-1. Under Local Rule 7.1(C), Defendants' reply, if any, was due within 14 days, by October 29, 2019. LR 7.1(C), NDGa. Defendants did not file a reply

---

[1] Defendants' "Request" is also procedurally improper. Under Local Rule 7.4, "[c]ommunications to judges seeking a ruling or order, including an extension of time, *shall be by motion*[.]" LR 7.4, NDGa. (emphasis added). Defendants, who seek rulings, have not filed a motion.

1

by that date, and Defendants have filed no reply in the nearly four months since their deadline to file passed.

Defendants' assertion that a reply in support of their motion nevertheless may still be timely filed is inconsistent with the Local Rules. Local Rule 7.1(C) provides as follows:

> A reply by the movant shall be permitted, *but it is not necessary for the movant to file a reply as a routine practice*. When the movant deems it necessary to file a reply brief, the reply *must* be served not later than fourteen (14) days after service of the responsive pleading.

LR 7.1(C), NDGa. (emphasis added). Here, as set forth above, Defendants did not, as required, file a reply within 14 days of Plaintiffs' October 15, 2019 responsive pleading. Nor did Defendants move to extend their time to file a reply, within 14 days of Plaintiffs' responsive pleading or otherwise. And Defendants' time to file a reply has not been stayed by any order of this Court.[2] Accordingly, any reply would be untimely.

*Second*, Defendants' Request omits material facts. Defendants assert as follows in their Request:

---

[2] Previously, the Court stayed the deadline by which Plaintiffs' opposition to Defendants' *Daubert* motion was to be filed. Doc. 193. However, it is axiomatic that a deadline represents merely the final date by which a pleading may be filed. Parties may, and often do, file pleadings prior to deadlines, as Plaintiffs have done here. Where this occurs, as otherwise, a reply must be filed within 14 days "*after service of the responsive pleading.*" LR 7.1(C) NDGa. (emphasis added).

> Plaintiffs still have not removed their blanket confidentiality designations over the entirety of the expert witnesses' Rules 26 reports and deposition transcripts (both as to Dominguez and Buetow, and also as to their other two proffered experts, Al Otto and Ty Minnich).

Doc. 203. Defendants' statement is at best incomplete. With regard to the Dominguez and Buetow materials, Defendants omit that the parties reached agreement concerning the confidentiality of the documents underlying Dominguez's and Buetow's opinions just one week ago, and since that date Plaintiffs have been working to determine what, if any, redactions are necessary to the Dominguez and Buetow materials given the documents that the parties have agreed may remain confidential. As set forth in Plaintiffs' contemporaneously filed motion for leave to file a surreply, Plaintiffs have now completed that task, and no redactions are required. Accordingly, the Dominguez and Buetow materials can be de-designated.

With regard to the Otto and Minnich materials, while Defendants assert that Plaintiffs "still" have not removed their confidentiality designations concerning these documents, Defendants fail to mention that they first contacted Plaintiffs about these designations just three days ago, on February 24, 2020.[3] Defendants likewise fail to mention that the parties have not yet conferred about these

---

[3] Plaintiffs are currently diligently working to determine whether the Otto and Minnich materials can be de-designated, in whole or in part.

3

documents and that Defendants have not objected in writing to Plaintiffs' designations – which is the event that triggers the ten-business-day meet-and-confer process under the Court's Protective Order (Doc. 98).  Moreover, although Defendants suggest that the deadlines in this case might further be stayed to eliminate the risk that additional pleadings are filed under seal, Defendants fail to explain why their delay in contacting Plaintiffs about the Otto and Minnich designations warrants a further delay – particularly where this case has already been significantly delayed as the result of Defendants' refusal to remove hundreds of confidentiality designations that Defendants now concede were improper.

Dated: February 27, 2020    Respectfully submitted,

/s/ Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON, LLP
Jerome J. Schlichter*
Heather Lea*
Troy A. Doles*
Andrew D. Schlichter*
Kurt C. Struckhoff*
Sean E. Soyars*
Alexander L. Braitberg*
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Phone: 314- 621-6115
Fax: 314-621-5934
jschlichter@uselaws.com
hlea@uselaws.com
tdoles@uselaws.com
aschlichter@uselaws.com
kstruckhoff@uselaws.com
ssoyars@uselaws.com
abraitberg@uselaws.com
*(admitted *pro hac vice*)

*Attorneys for Plaintiffs*

Bradley S. Wolff, GA No. 773388
SWIFT, CURRIE, MCGHEE, & HIERS, LLP
1355 Peachtree St., N.E., Ste. 300
Atlanta, GA 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199

*Local Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Under the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1.C. The foregoing was prepared on computer using Times New Roman font (14 point).

                                        /s/ Andrew D. Schlichter
                                        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

                                        /s/ Andrew D. Schlichter
                                        Attorney for Plaintiffs