UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GENEVA HENDERSON, *et al.*, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:16-CV-2920-CAP |
| EMORY UNIVERSITY, *et al.*, | |
| Defendants. | |

**O R D E R**

This matter is before the court on the defendants' request for clarification of this court's order of February 25, 2020 [Doc. No. 203]. The plaintiffs have filed a response to this request [Doc. No. 205]. In particular, the defendants inquire about the court's direction that the plaintiffs file their response to the motion to exclude the proposed expert testimony of Dominguez and Buetow by March 10, 2020. Although the parties are correct that the plaintiffs have already filed a response to that motion, the court, in its order of October 17, 2019 [Doc. No. 193] addressed the plaintiffs' request to seal extensive documents in relation to that response and indicated that it was not willing to seal the documents.[1] Accordingly, the plaintiffs' response as it

---

[1] This order resulted in the plaintiffs' decision to file the motion to de-designate documents [Doc. No. 198].

currently appears on the docket, with the inclusion of sealed materials and slipsheets, is insufficient.  The court hereby clarifies its order of February 25, 2020, to DIRECT the plaintiffs to re-file their response to the motion to exclude the proposed expert testimony of Dominguez and Buetow by March 10, 2020, in accordance with the agreement reached by the parties regarding the confidentiality of documents.  The court notes for the plaintiff that it expressly stayed the deadline for them to file their response to the motion while it addressed the confidentiality designation issue, because the response as already filed with the accompanying requests to seal was not sufficient [Doc No. 193].  The court assumed the parties understood from that stay that the plaintiffs would have to re-file their response brief after the confidentiality designation issue was resolved.  Briefing then would continue in accordance with this court's orders and local rules.  The court hopes that this clarifies the matter for the parties.[2]

    The defendants also seek guidance from the court concerning how the parties can reconcile the court's desire to avoid extensive sealed filings in this case with their upcoming deadline to file responses and replies to

---

[2] Documents 185, 189, and 191 will remain restricted from public access on the docket, however, the court will not consider them in its adjudication of any currently pending motions.

pending motions, given that the plaintiffs "have not removed their blanket confidentiality designations over the entirety of their expert witnesses' Rule 26 reports and deposition transcripts" [Doc. No. 203 at 2]. The plaintiffs previously advised the court that "[i]f Defendants withdraw their confidentiality designations of the [underlying] documents at issue, Plaintiffs have no objection to withdrawing the confidentiality designations of their experts' discussions of those same documents." [Doc. No. 191-1 at 2]. The parties have "reached a resolution as to the confidentiality status of all of the 428 documents which were the subject of Plaintiffs' Motion to De-Designate Documents Underlying Dominguez's and Buetow's Expert Reports" [Doc. No. 200 at 1]. The plaintiffs have also filed a motion for leave to file under seal documents in support of its motion to exclude the testimony of Conrad Ciccotello [Doc. No. 208]. This motion to seal is another one filed by the parties because they continue to dispute confidentiality designations.

At this point, the court is unclear, and quite frankly, confused as to additional disputes between the parties concerning the confidentiality of documents. To assist the parties as they seek to move forward in this case, the court hereby DIRECTS the parties to meet and confer by March 9, 2020, concerning their respective confidentiality designations. In the event that

3

the defendants object to any of the plaintiffs' confidentiality designations following this meet-and-confer, then the defendants should comply with paragraph 10 of the protective order [Docs. No. 97, 98] concerning these confidentiality designations.  The defendants' deadline to file their response to the plaintiffs' motion to exclude expert witness Jennifer Marietta-Westberg [Doc. No. 199] is hereby EXTENDED to March 18, 2020.[3]  If, following the meet-and-confer, the plaintiffs still object to any of the defendants' confidentiality designations, including those related to Ciccotello's report, then the plaintiffs should also comply with paragraph 10 of the protective order [Docs. No. 97, 98] concerning these confidentiality designations.  The court hereby DENIES the plaintiffs' motion for leave to file under seal documents in support of its motion to exclude the testimony of Conrad Ciccotello so that the parties may engage in the meet-and-confer process [Doc. No. 208].  Because this motion has been denied, this means the court will not consider any of the documents that were filed provisionally

---

[3] If the defendants still have objections to the plaintiffs' confidentiality designations following the meet-and-confer, they may file a motion seeking an extension of time to file this response brief, so as to allow the court to resolve the underlying designation issue first.

under seal at Doc. No. 207.[4]  The court likewise DENIES WITHOUT PREJUDICE the plaintiffs' motion to exclude the testimony and opinions of Conrad Ciccotello [Doc. No. 206].  The plaintiffs are granted leave to re-file that motion by March 26, 2020, AFTER they engage in the meet-and-confer outlined above.  The remaining deadlines in this case remain as previously set by this court.

    The parties are DIRECTED to refrain from filing further motions to seal, or filing any documents provisionally under seal, based on dispute(s) regarding confidentiality designations.  Instead, the parties are to meet-and-confer about the confidentiality designations, including, but not limited to, as directed above, and only AFTER engaging in such process, may they then move to file documents under seal.  Accordingly, any motion to file documents under seal based on confidentiality designations must state that the parties have met-and-conferred prior to the filing of the motion.

    The plaintiffs have also filed motion for leave to file a surreply to the defendants' motion for confidentiality de-designations [Doc. No. 204].  The court has reviewed the docket and it appears that the court denied the

---

[4] These documents will remain restricted from access on the public docket, however, as they were filed provisionally under seal pending the court's ruling on the motion to seal, which has now been denied.

defendants' motion to file under seal its motion for confidentiality de-designation of Wendy Dominguez's report and deposition transcript [Doc. No. 193]. The defendants have not re-filed the motion on the public docket, and Doc. No. 184 contains only slipsheets. The court notes that the defendants have filed a reply brief at Doc. No. 201, but given that their actual motion and supporting documents are not on the public docket, the court cannot consider this issue. Therefore, if the defendants seek to de-designate Dominguez's report and deposition transcript, they should file a new motion to that effect on the docket, and the plaintiffs may file a response to the new motion. Accordingly, the plaintiffs' motion for leave to file a surreply is DENIED [Doc. No. 204]. The clerk is DIRECTED to terminate Doc. No. 184 on the docket as it contains only slipsheets and the court denied the defendants' request to file the actual motion and supporting documents under seal.

**SO ORDERED** this 28th day of February, 2020.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge